STEPANCK *et al.* v. KULA *et al.*

1. **Husband and wife**: ASSAULT AND BATTERY. The claim of the husband and wife for an assault committed upon them is not joint, and though they join in bringing an action, her subsequent withdrawal will not abate the action as to the husband, but he may continue it and recover for the assault made on his own person.

2. **Verdict and jury**: FINDING ON CROSS-CLAIM. It is not necessary for the jury to find specially on a cross-claim pleaded by the defendant. A general verdict for the plaintiff involves and disposes of the issues made.

*Appeal from Linn District Court.*

THURSDAY, JUNE 12.

ACTION to recover damages for an assault and battery upon both of the plaintiffs, who are husband and wife. The defendants, six in number, separately set up cross-claims against plaintiffs for damages sustained by each on account of an assault and battery committed by plaintiffs upon them. Issue was taken upon the petition and cross-claims by the denial of the respective parties. At the close of the testimony, one of the plaintiffs, the wife, withdrew her claim, and, as to herself, dismissed the suit. No withdrawal of the cross-claims was made as to her or her co-plaintiff. Thereupon defendants moved to dismiss the action on the ground of the withdrawal of one of the plaintiffs. The motion was overruled, defendants excepting. The jury returned the following verdict: "We, the jury, find a verdict for the plaintiff, and assess the damages at $200 against Joseph Kula and John Kula" (two of the defendants). A motion to set aside the verdict on the ground that the jury did not find upon the cross-claims of defendants, and because of the overruling of defendants' motion to dismiss, as above stated, was overruled, and judgment was rendered on the verdict.

Defendants appeal.

*Thomas Corbett* for the appellant.

*Thompson & Davis* for the appellee.

BECK, Ch. J. — I. There was no error in overruling defendants' motion to dismiss. The claim, which is the foundation of the action, is not joint, so that it cannot be prosecuted by one of the plaintiffs alone. There is nothing in the law forbidding the wife to withdraw from the action. The husband could continue it to recover for the damages sustained on account of the assault upon his own person.

II. The verdict being for plaintiff must be understood as a finding of the jury upon all the issues between the plaintiff to the action, as it stood after the wife's withdrawal, and the defendants. Defendants' counsel insists that it is not a finding upon the cross-claims of defendants against whom damages were not assessed. We think otherwise. A moment's thought will justify our conclusion. Suppose the verdict had been " for plaintiffs," simply, and no damages assessed against the defendants, or any of them. In that case it would have been clearly understood that the issues upon the cross-claims were found for plaintiffs. As to plaintiffs' claim, in such a case, we may concede, but we do not pass upon the question, that there would be no finding. But, in that case, defendants could not complain, for they would not be prejudiced. There would be a judgment in their favor without a verdict.

Let it again be supposed that the verdict was " for plaintiffs," and damages assessed against all of defendants. In such a case there could be no doubt of the intention of the jury to find for plaintiffs upon the issues made on this cross-claim, as well as upon those arising on the petition.

In cases of this kind, when there are counter-claims or cross-demands, it is the usual practice to regard verdicts, expressing a general finding for one party or the other, as bearing upon all the issues in the case. We do not remember to have seen a verdict in which the jury returned a special finding as to the respective claims of the parties, unless for a proper reason they

were directed so to do by the court. They consider the claims of the parties separately, and after allowing or disallowing them, find a sum to which one party is entitled, and report that as the amount of their general verdict.

In the case before us, as to part of the defendants, the verdict is the same as in the first of the cases above supposed; as to the others, it is as in the second. In neither instance have the defendants just ground of complaint, as the jury are authorized to find for a part of defendants and against the others. Rev., § 3077.

We conclude that the jury found adversely to the cross-demands of the two defendants against whom no verdict was rendered, and that their claims were adjudicated in the action.

III. The withdrawal by one of the plaintiffs of the action, as to her claim did not dismiss the cross-demand of defendants against her, and the issues thereon made remained to be found by the jury. Rev., § 3129. But no verdict was had upon these issues, and the case, as to her, remained undisposed of after the verdict. The district court so regarded it, as appears from the abstract, and it is not shown that any disposition was made of it afterward.

But this condition of things does not vitiate the verdict in favor of plaintiff who prosecuted the suit. It is a final determition of the issues involved in his case, and the judgment thereon must stand.

The case upon defendants' cross-demand against the wife, if undisposed of by subsequent action of the district court, remains to be determined there. As it may be considered that this appeal involves that case, a *procedendo* will be issued requiring such further proceedings therein as are authorized by law.                                              Affirmed.