## WELCH v. JENKS.

1. **Attachment:** DAMAGES: DISMISSAL OF COUNTER-CLAIM: PRACTICE. Where a party is in possession of land with the knowledge of the owner, he is not a trespasser; and in such case the fact that the title to the real estate was in another would not affect his right to recover damages for an injury to crops grown by him thereon. The dismissal of a counter-claim for damages for the wrongful levy of an attachment upon a field of corn, raised upon land owned by another, was error.

*Appeal from Shelby District Court.*

### TUESDAY, JUNE 13.

THE plaintiff, claiming to be the owner of certain described real estate, brought this action to recover of the defendant damages caused by his trespassing thereon as was alleged. A writ of attachment was issued, and certain property levied on thereunder. Defendant denied the allegations of the petition, and as a counter-claim pleaded that he was the owner of certain real estate adjoining the premises described in the petition; that when breaking the same he, by mistake not knowing the lines, broke and plowed a small tract of the land claimed by the plaintiff, the same being at that time uncultivated prairie, and in the spring of 1880 he planted a crop thereon; that plaintiff caused the writ of attachment to be levied on about ten acres of corn growing on said land; that

said attachment was wrongfully, and without reasonable or probable cause sued out, whereby the defendant claimed he was damaged in the sum of one hundred and seventy-five dollars. A jury was impaneled to try the issues thus formed, when the plaintiff dismissed her action, and the defendant introduced evidence to establish his counter-claim; at the conclusion of which the plaintiff " moved the court to dismiss defendant's counter-claim, because there was no testimony showing a right to occupancy of this land, and no testimony showing that any of defendant's property had been taken." This motion was sustained and defendant excepted and appeals.

*Clinton, Hart & Brewer,* for appellant.

*D. O. Stewart,* for appellee.

SEEVERS, CH. J.—I The plaintiff having dismissed her action the defendant had the right to proceed and prove up his counter-claim. Code, § 2846. Where the court dismisses an action or counter-claim after the evidence has been introduced, the party prejudiced by such ruling is entitled to have everything on which his right to recover depends, which the evidence tended to prove, regarded as established. *Stone v. C. & N. W. R. R. Co.,* 47 Iowa, 82.

1. ATTACH-MENT: damages: dismissal of counter-claim.

There was evidence introduced which tended to show the plaintiff had caused the attachment to be levied on corn growing on the premises described in the petition, and that the defendant had actual possession of said premises at that time and for several years previous; that he planted the corn and that the attachment was wrongfully issued; and the amount of his damages. The evidence also tended to show the land was not owned by the defendant, but was owned by the Chicago, Rock Island & Pacific R. R. Co., and that the defendant did not have a lease thereof. But there was evidence tending to show said company or its agents had knowledge of the defend-

ant's occupancy. Such being the facts the defendant had the right to have regarded as established, did the court err in dismissing the counter-claim?

The plaintiff having shown no ground for the issuance of the attachment, and causing the levy to be made, was a wrong-doer. "Bare possession constitutes an interest in land sufficient to sustain ejectment against a wrong-doer who has intruded on such possession." *Bates v. Campbell*, 25 Wis., 613; *Hovey v. Fumain*, 1 Pa. St., 295. The same rule applies when a wrong-doer takes personal property from one who is in the actual posession thereof. In such case the latter may maintain an action for the unlawful taking, and can recover damages sustained thereby. *Hanner v. Welsey*, 17 Wend., 91; *Morris v. Davidson*, 3 Hill, 168. A person in possession sueing for a trespass to the freehold, can never be put upon proof of his title, in order to recover against a wrong-doer having no title. *The I. & St: L. R. R. Co. v. Cobb*, 94 Ills., 55. The fact the title to the real estate was in the Chicago, Rock Island & Pacific R. R. Co., is immaterial and defendant's right to recover was in no manner affected thereby, for as we have seen, the defendant had the right to have the fact regarded as established said company had knowledge of his occupancy. In no sense therefore was he a trespasser.

II. It is said by counsel the district court based its ruling on *Murphy v. The S. C. & P. R. R. Co.*, 55 Iowa, 473. There is a clear distinction between the cases. In the cited case there was no evidence tending to show the plaintiff was in possession of the land on which the grass was growing when cut. The opinion of the court proceeds upon the ground he was a trespasser. It may be there is another distinction and that is, there is a difference between grass or trees which grow naturally on land, and crops which are produced by the labor of man. But we have no occasion to determine this point, and must not be understood as having done so.

The appellee claims the amount in controversy is less than

one hundred dollars, and therefore this court has no jurisdiction. There is nothing in this claim, as it is the amount in controversy, as shown by the pleadings, that is the test as to jurisdiction. No disposition of the motion is required.

REVERSED.