## S. A. HOYT, Appellant, v. W. A. McLAGAN *et al.*, Appellees.

1. **Practice in Supreme Court:** TRIAL DE NOVO: RECORD. A controversy between parties as to the correctness of the record of the evidence in a cause, as presented in the abstract of the appellant and the amendments thereto, will not deprive the appellant of the right to a trial *de novo* in the supreme court where a complete transcript of the record has been filed.

2. **Practice:** DISMISSAL OF ACTION: EFFECT. Where, in an action for damages for the breach of the covenants in a deed the defendant set up a counterclaim for damages for an alleged breach of the covenants in a deed from the plaintiff to him, and after the introduction of the evidence the plaintiff dismissed his cause of action, *held*, that the plaintiff was not thereby precluded from asking the re-formation of a written contract, in pursuance of which both of said deeds were executed, so far as the same related to the defendant's cause of action.

3. Deeds: DELIVERY: ESCROW. Where, in an exchange of real estate, the deeds of the respective parties were placed in the hands of a third person to hold until abstracts of title to their respective properties should be procured, but such third person was not authorized to determine the performance of said condition, and both parties entered into immediate possession of the property conveyed, *held*, that there was not a delivery of the deeds, except as escrows.

4. ———: BREACH OF WARRANTY: EVIDENCE. Where, in an action to recover damages for an alleged breach of the covenants of warranty in a deed, based upon the right of a lessee of the property conveyed to remove a building situated thereon, it appeared that while the deeds were in escrow the grantee purchased said building of the lessee because of a previous verbal agreement to take said property subject to said right of the lessee, *held*, that the grantee was not entitled to recover.

*Appeal from Carroll District Court.*—HON. J. P. CONNER, Judge.

THURSDAY, MAY 11, 1893.

THE plaintiff brought this action to recover damages for an alleged breach of the covenants of warranty in a deed. The defendant answered, admitting the execution of the deed, denying every other allegation, and setting up a counterclaim for damages for an alleged breach of the covenants of warranty in a deed, executed by the plaintiff to him, for lot 1 and the east ten feet of lot 2, block 21, in the town of Carroll, Iowa. The breach claimed is that a certain building situated on said lots belonged to one Sprague. The plaintiff replied, admitting the execution of the deed, and alleging that it was made in pursuance of a written contract, and that by mistake and oversight there was left out of the contract the reservation of the right of Sprague to remove the building; that, prior to the delivery of said deed, the defendant released the plaintiff from liability by reason of said building, by agreement in parol, whereby the plaintiff was induced to deliver said deed. The plaintiff asked that the written contract be re-formed, and that the reservation made with reference

to said building be inserted therein, and that the contract, so re-formed, be decreed to be a part of said deed. The case was tried as in equity, and, after the evidence was introduced, the plaintiff dismissed her cause of action without prejudice, and judgment was entered in favor of the defendant on his counterclaim for one hundred and eighty dollars, with interest at six per cent. from February 1, 1890, from which the plaintiff appeals.—*Reversed.*

*Beach & Hoyt* and *C. C. & C. L. Nourse,* for appellant.

*S. M. Elwood, F. M. Powers* and *Cole, McVey & Cheshire,* for appellee.

GIVEN, J.—I. The appellee contends that "this case can not be tried *de novo* here because there is no authenticated abstract of the record." The appellee filed an abstract, in which he says, "there are a few material errors in the appellant's abstract (evidently the fault of the printer)," and then points out five particulars wherein he claims the appellant's abstract is erroneous. The appellant filed an additional abstract, admitting that the appellee's abstract is correct as to the three errors last named therein, and denying that it is correct as to the first two, and therewith filed a complete transcript. The transcript shows the appellee's abstract to be correct, and as, by the transcript, we have the complete record before us, we may try the case *de novo,* it having been tried as in equity in the court below without objection.

<span style="margin-left:2em">1. PRACTICE in supreme court: trial de novo: record.</span>

II. The appellee insists that, as the plaintiff dismissed her action, she is not entitled to be heard upon her claim for a re-formation of the contract. Her action was upon the covenants in the deed from the defendant to her, and no re-formation is asked as to those covenants. The re-forma-

<span style="margin-left:2em">2. PRACTICE: dismissal of action: effect.</span>

tion asked is of the contract as it relates to the deed from the plaintiff to the defendant, upon which the defendant bases his cause of action. The re-formation asked is in reply to the defendant's action, and the case stands as though the action had been originally brought by the defendant, and the plaintiff had answered, setting up the matters stated in her reply. The prayer for a re-formation of the contract pertains to the defendant's cause of action, and was not withdrawn by the dismissal of the plaintiff's action.

III. The questions before us arise solely upon the defendant's cause of action, stated by way of counter-claim, and the plaintiff's answer thereto, by way of reply. The following facts appear without dispute: On October 30, 1889, these parties entered into a contract in writing, whereby the plaintiff was to convey to the defendant the lots in Carroll, and the defendant was to convey certain lands in Sac county to the plaintiff; each to convey to the other "by good and sufficient warranty deed, free and clear of all incumbrances whatsoever." The deed from the plaintiff to the defendant was to be "subject to lease made to one Nolen, on the northeast corner of said lots." On the same day each executed a deed, with covenants of general warranty, to the other, which deeds, when executed, were left with Mr. Beach "until we got proper abstracts of title." Immediately after the deeds were executed, each party went into the possession of the property for which he had traded, and made improvements thereon, the defendant making extensive and valuable improvements upon the lots in Carroll. One S. S. Sprague owned a building standing on the lots conveyed to the defendant, which building he had a right to remove. No reservation was made in the contract as to this building, nor was any reservation made in the deed to the defendant as to it or to Mr. Nolen's lease. Soon

after the execution of the deeds, contention arose between the parties as to Sprague's building, the plaintiff claiming that it was understood and agreed by the defendant that Mr. Sprague had a right to remove his building, and that this right was reserved in their agreement, but omitted from the written contract by mistake and oversight. The defendant denied any such agreement or reservation, and upon this subject there is a conflict in the evidence. The plaintiff's husband who, as her agent, made the contract, testifies plainly and explicitly that such was the agreement, and he is corroborated by several witnesses, who testified to statements made by the defendant tending strongly to show that he understood that he was not to have the Sprague building. His own testimony on that subject stands without corroboration, and is not direct nor convincing. In January, 1890, while the deeds yet remained with Mr. Beach, and while the plaintiff was insisting that the defendant must take the lots subject to Mr. Sprague's right to move his building, the defendant paid Mr. Sprague one hundred and eighty dollars for the building, and it is this amount which he seeks to recover as damages. The matter with Mr. Sprague having been thus adjusted, each party, with the knowledge and consent of the other, on the sixth day of March, 1890, received from Mr. Beach the deed executed by the other party.

The appellant contends that the deeds were not delivered until March 6, 1890, when they were taken from Mr. Beach, and therefore the appellee can not recover upon the covenants in the deed for the money previously paid to Mr. Sprague for his building. The appellee contends that, as each party took possession under the deed to him, there was a delivery; that the deeds were not left with Mr. Beach as escrows, but simply as a stimulant to each party to procure his abstract, and that the delivery to Mr. Beach was a delivery to

the respective grantees. "The question of delivery is always one of intention of the parties." *Steel v. Miller,* 40 Iowa, 406. "An essential characteristic and indispensable feature of every delivery, whether absolute or conditional, is that there must be a parting with the possession and of the power of and control over the deed by the grantor for the benefit of the grantee at the time of delivery. * * * As has been well observed, a conditional deed, that is, one delivered conditionally, is not a deed, but an escrow; a mere writing having the form of a deed, but the effect of which depends wholly upon the happening of the conditions or events upon which it is to be delivered to the grantee." *Prutsman v. Baker,* 30 Wis. 644. The authorities are uniform in holding that, to constitute a good delivery, the grantor must part with all power and control over the deed, and the right to revoke it. *Shirley v. Ayres,* 14 Ohio, 307; *Berry v. Anderson,* 22 Ind. 37; *Cook v. Brown,* 34 N. H. 460; *Fitch v. Bunch,* 30 Cal. 213. The defendant testified, "After the deeds were signed that day, they were put into the hands of Mr. Beach. Mr. Hoyt said we would leave them in the hands of a third party until we got proper abstracts of title." This is uncontradicted, and is the only evidence upon the subject. It is clear that there was no intention that these deeds should pass or take effect until proper abstracts were furnished. No doubt the parties had confidence that proper abstracts would be furnished, and therefore exchanged possession, but each reserved to himself control over his deed until the other produced a proper abstract. If the intention was to then part with control over their respective deeds and pass title, why were they left with Mr. Beach? They could have obtained proper abstracts with the deeds delivered to each other, as well as in the hands of Mr. Beach. Another fact that shows that a delivery was not intended is that Mr. Beach was not authorized

to determine whether the abstracts were proper or not. This the parties reserved to themselves. We are of the opinion that the deeds were not delivered at the time of their execution, and that they were escrows in the hands of Mr. Beach, subject to the condition that each party furnish to the other a proper abstract.

IV. The appellee contends that, though the deeds were delivered as escrows, when the conditions were performed they will be held to relate back to the time of their execution, "where the ends of justice require it." Conceding such to be the law, and it is so held in many cases, the question remains whether, under the facts of this case, "the ends of justice require" that we hold the deed to the defendant to relate back and take effect from the time of its execution. As already stated, plaintiff's agent testifies explicitly that it was agreed that the defendant was to take the lots subject to the right of Mr. Sprague to remove his building. The evidence shows that at all times he so insisted in each of the several interviews with the defendant, between the time the deeds were executed and the time they were taken from Mr. Beach. Mr. Nolen testifies that about the third to the sixth of November, 1889, when settling with the defendant concerning his building, the defendant said, "We are to settle with you and with Sprague." Mr. Sprague testifies that he was present at an interview about the twenty-second of November, 1889; that Mr. Hoyt said: "'If we are going to have any trouble about these buildings,' she says, 'you just walk up to the office, and we will exchange papers.' He says, 'I would rather give them up than have trouble about these buildings.' Mr. McLagan said, 'I supposed the building belonged to the lot.' Hoyt says, 'You know better; you know I told you, about two or three times, the buildings did not belong to the lot, and that you could take the rents, or move the buildings off;' and Mr. McLagan says

4. ——: breach of warranty: evidence.

he guessed it would be all right when Kentner came home. Mrs. Hoyt says: 'This must all be fixed up in good shape before I will deliver that deed. You must settle with Sprague, and fix it all up;' and he said he would as soon as Kentner came home." It was after this that the defendant did settle with Mr. Sprague. The preponderance of the evidence is clearly in favor of the conclusion that the defendant purchased and paid for Sprague's building because he had agreed to take the lot subject to Sprague's right to remove the building. It surely can not be said, under these facts, that the ends of justice require that we hold the deed to the defendant to have taken effect from the time of its execution. As the deed under which the defendant claims had not been delivered at the time he settled with Mr. Sprague, and was afterwards delivered because he had so settled, a re-formation of the written contract is not required to enable the plaintiff to maintain her defense to the defendant's cause of action. Our conclusion is that the defendant is not entitled to recover upon the cause of action set up in his counterclaim.

The judgment of the district court is, therefore, REVERSED.