(35 App. Div. 578.)

### TOMPERT v. HASTINGS PAVEMENT CO. et al.

(Supreme Court, Appellate Division, First Department.    December 30, 1898.)

1. NEGLIGENCE—PAVING CONTRACTORS—EVIDENCE.

    A paving contractor tore up the pavement on a street intersection, and left one-half of the crossing open.  Plaintiff's intestate was driving on the intersecting street on a dark night, across the torn-up street, which was poorly lighted.  The other half of the crossing was guarded, and on the west half one side had planks to facilitate the rise from the bed of the street to the standing pavement.  The other side had no planks, and there was an abrupt rise of 6 to 10 inches.  When the wheels of intestate's truck struck this rise, the jar threw him off, and he was killed.  *Held* to warrant a finding that the contractor did not use reasonable care to make the temporary crossing safe to persons using it.

2. SAME—DUTY TO TRAVELERS.

    A street-paving contractor, in repairing streets, must make them no more dangerous to the traveling public than the work necessitates; and he is not absolved if he simply warns travelers.

3. CONTRIBUTORY NEGLIGENCE—EVIDENCE.

    Intestate, who drove at a trot down a street and into a street intersection where the paving was torn up, and there slacked to a slow trot until his truck struck the abrupt rise where the paving began again,· the night being dark, but there being a space left for a crossing, did not negligently contribute to his death, which resulted.

4. NEGLIGENCE—CONDITION OF LOCUS—EVIDENCE.

    Evidence of the condition of a street undergoing repairs on the morning after the night on which an accident occurred there is admissible in an action for negligence.

5. SAME—STREET CONTRACTORS—STANDARD OF CARE.

    The standard of care for a street contractor who invited travelers to cross a torn-up street is such reasonable and ordinary care as the circumstances demand.

Appeal from trial term, New York county.

Action by Lena Tompert, as administratrix, against the Hastings Pavement Company and others.  From a judgment for plaintiff, and an order denying a new trial, defendants appeal.  Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

Charles C. Nadal, for appellants.

Gilbert D. Lamb, for respondent.

BARRETT, J.    On November 10, 1897, the appellant the Hastings Pavement Company was repairing a portion of West 104th street, in the city of New York, and had removed the paving stones from the street at its intersection with Manhattan avenue.  A wooden structure, called a "horse," was stretched across the avenue from the westerly curb, but a space was left to the east for the passage of vehicles.  Plaintiff's intestate, Charles Tompert, who was driving a truck down the avenue, turned to the east of the wooden horse, and drove across the street.  When the wheels of the truck struck the ridge on the south side of the street, caused by the removal of the paving stones, the jar threw him from the truck, and he was killed as ·the result of the injuries sustained.  The height of the ridge at the south of the street is variously estimated at from 6 to 10 inches.  There is an issue of fact as to the manner in which the spot was lighted.  The plaintiff,

however, proves by a great preponderance of evidence that the neighborhood was in fact dark, and that it was difficult to make out surrounding objects.    She also gave ample evidence that, although planks had been laid on the north side of the street to make it easier for vehicles to cross, no such planks were laid to the south.    We think it clear that from this fact, in connection with the proof as to the light, the jury might properly have found that the appellant did not exercise reasonable care towards citizens using the street.    Such a ridge was certainly dangerous at night, when it could not be clearly seen. If the appellant did not choose to adopt the simple and inexpensive remedy which the circumstances suggested, and which it in fact did use on one side of the street, it was at least bound to light up the spot so that no driver who was looking could fail to see it.

It is urged that the appellant had the right to tear up the street, and thus make it more dangerous than it ordinarily was; and that the sole duty resting upon it was to notify passers-by of the changed condition, in order that they might take care to avoid injury.    But the appellant, in the exercise of this right, was still bound to keep the place reasonably safe, regard being had to the nature of the work.    Nolan v. King, 97 N. Y. 565.    The right to make a place more unsafe than it is normally does not authorize the contractor to make it as hazardous as he may choose.    The additional danger must be such as the nature of the repairs renders reasonably necessary.    As stated, the jury might have found that this was not the case here.    We think also that there was sufficient evidence of freedom from contributory negligence.    It appears that Tompert was driving down the avenue at a trot, and did not slacken his speed until the truck descended into the bed of the street; but it appears, despite a contention to the contrary, that he then pulled strongly on the lines.    It cannot be said—certainly not as matter of law—that he drove at a negligent rate of speed.    He was invited to cross by the open space to the east.    He undoubtedly realized that there would be an elevation to the south, and wished to go at a fair rate of speed, in order to ascend it.    But he had no reason to anticipate such a shock as that which followed.    It was reasonable to suppose that the ascent to the south would be no more abrupt than the descent to the north.    If it was not possible to cross at a slow trot, it was not possible to cross at all; and the appellant practically asks us to hold that the intestate was bound to believe that the crossing was impassable after receiving its own assurance to the contrary.

The evidence as to the condition of the street on the morning after the accident was competent.    Peil v. Reinhart, 127 N. Y. 381, 385, 23 N. E. 1077.

The exception to the charge is plainly untenable.    Counsel assumed that the court charged that "passers-by in a street, whether in the daytime or in the nighttime, have a right to suppose that the street is in a passable condition."    The learned judge did not so charge.    The clause quoted, which is segrated from its context, and treated as though it contained the rule made applicable to this case, was used merely by way of illustration; and the sentence as a whole clearly lays down the exact converse of this rule as the one applying here.

An exception was also taken to the refusal to charge "that, if the

jury find that the precautions taken and the warnings given by the defendant were such as are ordinary and customary in view of the time and place of the injury, the plaintiff cannot recover." We think the request was erroneous. What was required of the appellant was not what was ordinary and customary, but what, under the circumstances, was reasonably prudent. It will be observed that the charge requested was not that the appellant was absolved if it exercised "ordinary care." Such an expression, like "reasonable care," may correctly denote that measure of foresight which the law requires. The request, however, ignored all question of ordinary or reasonable care, and asked immunity upon the theory of mere custom. That is not the standard of the law.

No other questions are raised. The judgment and order should be affirmed, with costs. All concur.