W. J. GRENNELL et al., Appellants, v. CASS COUNTY et al., Appellees (and five other cases).

**COUNTIES:** Independent Contractor (?) or Employee (?) A person
1   who contracts with a county to furnish all necessary labor, tools, and materials for a bridge, and to construct the same for a gross price, and in so doing is to be subject to no control except the requirement to follow the plans and specifications, is an *independent* contractor, and not the *employee* of the county.

**COUNTIES:** Liability of County and Contractor Contrasted. An
2   *independent* contractor on a highway improvement may be liable in damages resulting from negligently leaving an obstruction in the highway, even though the county and its officers and *employees* would not be liable for doing the same thing. Especially is this true when the independent contractor has specifically assumed such liability in his contract.

**INDEMNITY:** Public Contract—Third Party Beneficiary. Principle
3   reaffirmed that an action may be maintained on a public contract of indemnity by any third person for whose benefit the contract was given.

**NEGLIGENCE:** Contributory Negligence—Obstructed Highway. A
4   nocturnal traveler who is injured by driving over an obstruction in

the highway will not be declared negligent *per se* because he failed
to discover that he might have passed safely around said obstruction.

**CONSTITUTIONAL LAW:** Class Legislation—Discrimination in Per-
5.   sonal Liability.   No violation of the Constitution results from a
holding that a county and its officers and employees are *not*, while
an independent contractor *is*, liable in a given case for a negligent
act with reference to a highway improvement.

*Appeal from Audubon District Court.*—E. B. WOODRUFF, Judge.

APRIL 8, 1922.

THE six above entitled cases are all of the same character,
and dependent upon like statements of fact.   In each, a recovery
is sought of damages for personal injury; and in each case, the
appeal to this court is from a ruling by the trial court sustain-
ing a demurrer to the petition, as finally amended and substi-
tuted.   The material allegations of the petition will be found
stated in the following opinion.   The situation will be more
readily understood if we say at the outset that the injuries to all
the six plaintiffs were received in the same accident.—*Affirmed
in part; reversed in part.*

*Swan, Clovis & Swan,* for appellants.

*W. A. Follett, Ralph Pringle,* and *P. E. Roadifer,* for appel-
lees.

WEAVER, J.—The petition demurred to alleges that, on July
12, 1920, the defendant Cass County and the defendant Wilson
Concrete Company, hereinafter spoken of as the contractor, en-
tered into a written agreement, whereby said contractor under-
took, for a stated consideration, to furnish the necessary labor
and materials, and to construct a bridge or culvert and bulk-
head on the primary road between the cities of Atlantic and
Lewis, according to the plans and specifications prescribed there-
for, and made a part of the contract.   Among the specifications
so included are the following:

"The contractor shall assume all responsibility for damages
sustained by persons or property, due to the carrying on of his
work, and shall maintain such watchman, barriers, and red

lights as will effectually prevent accidents. The contractor shall be responsible for all accidents and save the county harmless from all damages resulting from any accidents which may occur on old or temporary structures to be replaced under this contract after the date of the completion as specified in the contract. Any extension of time granted the contractor on which to complete his contract shall not relieve him or his bondsmen of their responsibility under this contract. The responsibility of the contractor for maintaining barriers and lights shall cease when the crew is moved from the work, provided the engineer and member of the board for that district shall have two days' notice before the crew is moved. If ordered by the county engineer, the contractor shall erect barriers with suitable signs at convenient crossroads at either side of the work under construction to divert traffic from that road. The board and engineer shall use every precaution possible to guard the safety of the traveling public, and to divert traffic from the road on which construction work is in progress, but the failure of the board or engineer to notify the contractor to maintain barriers, red lights, or watchmen shall not operate to relieve the contractor from his responsibility.''

It is further alleged that, in pursuance of such agreement, the contractor did proceed with the construction of said bridge or culvert, the same being constructed of 36-inch tile; that said tile were first laid on the west side of the road, after which the tile and bulkhead on the east side or end were put in place; and that, in so doing, the contractor willfully and negligently obstructed said bridge, by placing thereon, and partly over said culvert, and wholly within the limits of the bulkhead, and upon top of said bridge, a pile of dirt, three or four feet in height, and sloped over into that part of the bridge which had previously been open to travel; that, on or about September 30 or October 1, 1920, the contractor finished pouring the concrete into the forms for the bulkhead, and on October 2, 1920, removed its men and apparatus from the bridge, but left the forms still on the bulkhead and the pile of dirt on the bridge, wholly within the limits of the bulkhead, all of which was known to the defendant Zelmer, supervisor of the district in which the work was done; and that said contractor and the county and its board of supervisors left

said pile of dirt upon the bridge, without any guard or protection by a watchman or by barriers or warning lights. It is further alleged that, on the night of October 3, 1920, said obstruction not having been removed or in any manner guarded or protected, the plaintiff, having no notice of said obstruction, was lawfully traveling said road in an automobile; and that, by reason of such obstruction, and without negligence on his part or on the part of the driver of said automobile, he was thrown from the car, and thereby severely injured, for which he demands damages. It is also alleged that, at the time of such accident, the forms for the bulkhead were still in place, and that the contractor had not notified the board of the completion of the work, or of the removal of the crew of workmen therefrom. It is further made to appear that said bridge or culvert crosses a dry run, along a natural watercourse, and that its cost was in excess of the amount which could lawfully be expended thereon by the township, and that the space which the obstruction left open to public travel did not exceed eleven feet, and was wholly on the west side of the traveled 'way. To this petition the defendants demurred. The eleven grounds assigned for such demurrer may be condensed, as follows: (1) That the facts stated in the petition show affirmatively that the bridge in question was not a county bridge; (2) that for any alleged neglect in the work of construction or in the care and protection of the bridge, no action will lie against the county or its officers; (3) that the allegations of the petition show affirmatively that plaintiffs are chargeable with contributory negligence; (4) that the petition shows affirmatively that all the defendants, except Cass County, are the officers, agents, employees, and representatives of said county, and are entitled to the same immunity against claims for damages which the law provides for the county itself. The trial court sustained the demurrer generally in each of the several cases, and from this ruling the plaintiffs appealed.

I. Giving first attention to the plaintiffs' demand for recovery against the county and its officers, it is to be said that, while appellants do not expressly concede the nonliability of said defendants, it is manifest that they recognize that the trend of our more recent decisions sustains the ruling of the trial court in this respect. See *Snethen v. Harrison County*, 172 Iowa 81,

and later cases following that precedent.   Without reopening
that discussion, we think it must be held that the trial court did
not err in sustaining the demurrer to the petition, so far as it
attempts to state a cause of action against the defendants Cass
County and its auditor and supervisors.

II.   Before taking up the petition as against the contrac-
tor, it is proper to say that its counsel, by an amended abstract,
call attention to the fact that appellants' summary of the petition

1. COUNTIES: inde-
pendent contrac-
tor (?) or
employee (?)

and its exhibits omits certain specifications which
appellee thinks essential to a fair understand-
ing of the pleading.   Among these items are the
following:   (1) ''That the board of supervisors and engineer
shall have supervision of the contract;'' (2) that the work is to
be done in strict conformance with the plans and specifications
and drawings ''and such instructions as may be given from time
to time by the engineer * * * work shall be subject at all times
to the inspection of the highway commission;'' (3) that usable
material shall not be cut or otherwise destroyed, and on comple-
tion of the work, the contractor shall pile this material in or near
the bridge site, as directed by the engineer; (4) that the con-
tractor shall do no filling work around the completed bridge or
culvert without permission by the engineer; and (5) that, ''un-
less otherwise specified in the contract, the board will do the
filling.''

These matters are chiefly relevant to the contractor's con-
tention in this case that it does not occupy the relation of inde-
pendent contractor, but is rather the mere employee or repre-
sentative of the county, and as such is not chargeable with li-
ability for damages.   In our opinion, there is no room to doubt
that the appellee Wilson Concrete Company was neither the serv-
ant, agent, nor representative of the county, but that its rela-
tion to the county was that of independent contractor.   *Fitz-
gibbon v. Western Dredging Co.*, 141 Iowa 328; *Wood v. Inde-
pendent Sch. Dist.*, 44 Iowa 27; *Bennett v. Incorporated Town
of Mt. Vernon*, 124 Iowa 537; *Teeters v. City of Des Moines*,
173 Iowa 473; *Humpton v. Unterkircher*, 97 Iowa 509; *Solberg
v. Schlosser*, 20 N. D. 307 (127 N. W. 91).   The contractor
undertook to furnish all the necessary labor, materials, tools,
and equipment, and to perform the entire contract for construc-

tion of the bridge at a gross price, and was subject to no control by the county, other than supervision by its engineer to see that the work was being done according to the plans and specifications; and if this does not fill to its full measure the test of an independent contractor, it would be difficult to frame a better definition. *United Gas Impr. Co. v. Larsen,* 182 Fed. 620 (105 C. C. A. 486); *Anderson v. Tug River Coal Co.,* 59 W. Va. 301.

It is further argued by counsel for the contractor that, even if the concrete company is an independent contractor, it is, nevertheless, immune from liability, because the construction of the bridge was a work of public improvement, done for the county, and, as the county cannot be held liable for negligence, neither can its contractor. The logic of the proposition is not impressive, nor do we find any authority therefor, unless it be in *Schneider v. Cahill,* 127 S. W. 143, decided by the Kentucky court, and perhaps others from the same jurisdiction, following that precedent. If there be such authority, we are not disposed to follow it. There is a measure of reason in sustaining the immunity of the county itself and its officers and agents directly representing it; for they are, in a sense, engaged in the performances of an official duty or function in the service of the public. It may also be conceded, for the purposes of this appeal, that an independent contractor who performs the work undertaken by him according to the terms of his contract and the plans and specifications furnished for his guidance does not become liable in damages to any third person suffering injury by reason of any mistake, fault, or defect *in such plans or specifications.* But this exemption from liability does not extend to his own negligence, if any, in carrying out his contract or in performing the work he has undertaken to do. For example, in the case before us, the contractor undertook to furnish the labor and material, and construct a certain bridge or culvert. In doing such work, the contractor assumed no responsibility for the sufficiency or safety of the bridge or culvert, if built according to the contract. It may still further be conceded that, in so far as the proper performance of said work in accordance with the contract had the natural or necessary effect to obstruct or interfere with the public use of the road, the contractor may not be held liable

2. COUNTIES: liability of county and contractor contrasted.

therefor. But we can conceive of no good reason or sound principle of law which will relieve such contractor from liability if, by his negligence in doing such work, he creates or causes a dangerous obstruction or defect in the road, by reason of which a traveler rightfully using the way is injured, without fault on his own part. The rule upon which the contractor may be held exempt or held to liability is well illustrated by our opinion in *Fitzgibbon v. Western Dredging Co.*, supra. There the defendant had taken the contract to excavate a drainage ditch, and was sued for the flooding of the plaintiff's land. The evidence tended to show that the contractor had performed the work according to its agreement, and that the escape of the flood was the natural result of the work, without negligence on its part. In discussing the questions so raised, we said that:

"Where the contractor undertakes simply to excavate the ditch on the line, according to the plan laid down for his guidance, he does not, in our judgment, assume any liability for the care of the water naturally accumulating behind his dredge. He must not, of course, by his own negligent act or omission increase the amount of water in the ditch beyond that which naturally accumulates from its construction according to the authorized plan, nor by his negligent opening or breaking-down or weakening the banks contribute to the escape of the water, to the injury of others; and for failure of duty in this respect, his liability cannot be questioned."

The same doctrine finds recognition in *Bennett v. Incorporated Town of Mt. Vernon*, 124 Iowa 537, 542. There the contractor, in digging a sewer for the city, disconnected a tile leading into the cellar of the plaintiff, who sued the city and contractor jointly. In holding the city not liable, because its codefendant was an independent contractor, we said that the contractor could rightfully disconnect the tile, if it was found necessary to the proper performance of the work, but that "he had no right to so prosecute the work as to create a nuisance. * * * For his mere act in disconnecting the tile and digging the ditch in a proper and lawful manner, there can be no recovery; but he should be held liable for any nuisance he may have created."

To this same effect is the holding of the Minnesota court in *Nye v. Dibley*, 88 Minn. 465 (93 N. W. 524), where a contractor,

in doing work on a road improvement, had piled material in or so near the track as to frighten the plaintiff's horse, and cause plaintiff an injury. The court there says:

"Defendants were engaged in a public work upon a highway, under a contract with the public authorities, and had the undoubted right to make such reasonable use of the highway as was necessary in carrying forward the work. But they had no right to its exclusive use, and were bound so to use it as not to interfere unnecessarily with public travel thereon."

See, also, *Ramsey v. National Contracting Co.*, 49 App. Div. 11 (63 N. Y. Supp. 286); *Tompert v. Hastings Pav. Co.*, 35 App. Div. 578 (55 N. Y. Supp. 177).

III. Thus far, we have omitted to consider the bearing upon this appeal of the allegation of the petition showing that, by a provision embodied in the contract, the appellee contractor assumed all the responsibility for damages sustained by persons or property due to the carrying-on of the work, and should maintain such watchmen and barriers and red lights as would effectually prevent accidents. It was also still further provided that the board and engineer should use every precaution to guard the safety of the traveling public while the work was in progress, but that the failure of the board or engineer in this respect should "not operate to relieve the contractor from its responsibility." Notwithstanding the general exemption of the county and its officers from personal liability, it was, nevertheless, within their power, in letting the contract for the bridge, to protect the public interest and promote the safety of travelers by requiring the contractor to exercise reasonable care to avoid the creation of a nuisance. Indeed, the law imposed that duty upon the contractor even though no such stipulation had been embodied in the agreement. The express agreement to that effect is of importance, however, as witnessing the contractor's understanding of its obligation to exercise due care.

The objection is suggested that the contract between the county and contractor protects the county alone, and will not support an action by the plaintiff, a stranger to the agreement.

3. INDEMNITY: public contract: third party beneficiary. The authorities in this respect are conflicting. The weight of authority, however, is to the effect that where a bond or contract is made with a

public corporation for the protection or security of the public generally, action may be maintained thereon in the name of any person intended to be thus secured, who has sustained an injury by a breach thereof. That rule has been made statutory in this state (Code Section 3467, *Hipwell v. National Surety Co.*, 130 Iowa 656, 660), and we think the instant case is within its terms. Even if the rule be thought not applicable here, the petition demurred ·to states facts which, if proved, will sustain a recovery of damages as at common law. See *Metcalf v. Mellen*, (Utah) 192 Pac. 676; *Solberg v. Schlosser*, 20 N. D. 307 (127 N. W. 91). If the appellee be liable, it is not simply because of a breach of contract, but for its tort in making a highway dangerous, and failing to properly guard it.

IV.  The case presented by this appeal is not within the reason or principle which was held controlling in *Vanhorn v. City of Des Moines*, 63 Iowa 447; *Becker v. Keokuk Waterworks*, 79 Iowa 419; or *Boston Ins. Co. v. ·Chicago, R. I. & P. R. Co.*, 118 Iowa 423. The appellee contractor in this case was not a public officer or agency, nor engaged in performing governmental functions. It was an independent contractor, which had undertaken to construct the bridge with its own labor and materials. Its legal responsibilities, so far as third persons are concerned, were neither greater nor less than are assumed by every contractor who undertakes to produce a given result, for an agreed consideration. The employees engaged in the work are its own, and it alone is responsible for the damages, if by its negligence some third person is injured. For illustration, let us suppose that the contractor had taken the job to construct a courthouse for the county, and in prosecution of the work, it had erected a grossly defective and dangerous scaffold, which fell and killed or injured some of its workmen, or a traveler lawfully on the walk beneath,—would counsel contend for an instant that, because the county was not responsible for such injury, the contractor, by whose fault the calamity occurred, would also be immune against an action for damages? Had the alleged nuisance in the highway in this case been chargeable to a defective plan adopted by the county or its engineer, a very different question would be presented; but, as alleged, and as the demurrer admits, the obstruction was of the contractor's own creation;

and the injury to the plaintiffs was the result of its failure to exercise reasonable care to provide proper guard or warning to render the way safe to public use. Such negligence is actionable, whether it be considered a breach of contractual duty or a breach of the common-law obligation which rests upon every person who creates a danger in a public highway to remove it or properly guard it.

It is argued, however, that this obligation had ceased, because the work had been completed and turned over to the county. But such is not the record. It is true that the contract provides that the contractor's duty in this respect should cease when the "crew is moved from the work, *provided* the engineer and member of the board for that district shall have two days' notice *before the crew is moved.*" The petition alleges that, while the crew had been withdrawn, the contractor had not given the required notice to the engineer or supervisors, and that it was while the obstruction was thus left unguarded that the accident occurred. These allegations are admitted by the demurrer, and for the purposes of this appeal, must be taken as true.

V. Again, the point is made by the contractor that the petition shows that a safe way had been left for public use, and that plaintiffs were at fault in departing therefrom. This claim is grounded on the allegation of the petition that the dirt had been so piled or heaped upon the bridge as to wholly obstruct the passage over it on the right-hand or east side, and to constrict the passage on the left-hand or west side to a width of not to exceed eleven feet; and that said obstruction had been placed and left there by the contractor without being guarded by watchmen or barriers or lights; that plaintiffs were riding in an automobile from the south, in the nighttime; and that, without knowledge or notice of the alleged obstruction, they were thrown thereby from their car, and injured.

4. NEGLIGENCE: contributory negligence: obstructed highway.

The allegation with respect to the passage over the bridge and its width must, in fairness, be read and construed with reference to its statement of the attendant circumstances; and, so doing, we think it not within our province to say, as a matter of law, that plaintiffs, driving in the nighttime, without knowl-

edge or notice of the obstruction, were bound at their peril to discover and make use of the so-called "safe way." The general rule in this state is that bridges upon the highway must not be less than 16 feet in width. Without stopping to inquire whether the road officers, under our more recent legislation, may authorize a lesser width, it is enough to say that there is nothing in the record so far to indicate anything of that kind; and a person lawfully using the highway, without notice of the obstruction, may ordinarily assume that the bridge is passable to at least the full width of the beaten or traveled way. Of course, if the passage is undertaken in the daytime, and the obstruction is of such a size and character as to be plainly visible to a traveler using reasonable caution, then, if he drives upon it to his injury, he will be held chargeable with contributory negligence.

The cited case of *Person v. Polk County*, 193 Iowa 733, is not at all in point in its facts or in the principle applied. In that case, the county alone was charged with negligence in the maintenance of a bridge, but the court found against the plaintiff on the facts, holding that the accident was not the result of any defect in the bridge, but rather of plaintiff's loss of control of his car, which was due to a defect in the highway before he entered upon the bridge.

VI. Finally, it is said that to sustain the contention of the appellee is to discriminate between the defendants; and that, while holding the contractor liable in damages, we exonerate the county and its officers, who are equally in fault with him; and that, in so doing, we disregard the constitutional prohibition of special privileges. It is true that the plaintiff brought suit against all the defendants, but there is no legal or constitutional objection to holding one or more of the defendants to liability and discharging the others, when the admitted facts or proofs offered justify it. The fact that plaintiff undertook to state a cause of action against all the defendants, but succeeded in alleging such cause against the contractor only, involves no inconsistency, and it is entirely competent for the court to sustain the demurrer to the claim against the county and its officers and overrule it as to the contractor. The creation of the nuisance was the act of the contractor alone, and it affords no ground

5. CONSTITUTIONAL LAW: class legislation: discrimination in personal liability.

for complaint on its part that its codefendants have been discharged. This would be no less true even if it should be held that the trial court was in error in that respect.

Further discussion is not called for. For the reasons stated, the holding of the trial court sustaining the demurrer to the petition as against Cass County, Iowa, and its auditor and board of supervisors, is affirmed, and its further order sustaining said demurrer in favor of the defendant contractor is reversed, and the cause will be remanded to the trial court, with direction to overrule the demurrer of the contractor, and for further proceedings in harmony with this opinion.—*Affirmed in part; reversed in part.*

PRESTON, FAVILLE, and DE GRAFF, JJ., concur.