Des Moines Steel Company v. McKenzie and Holm, Inc., et al.

W. D. Phelan and Company, Appellant, v. Des Moines Steel Company et al., Appellees.

No. 45304.

October 22, 1940.

Rehearing Denied March 14, 1941.

F. C. Harrison, for appellant.

Neiman & Leake, W. T. Evans, Pike, Sias & Butler, T. J. Mahoney, and Bush & Bush, for appellees.

· HALE, J.—This action was originally begun in the district court of Scott county by the Des Moines Steel Company, plaintiff, against all the other parties hereto, defendants. On appeal the abstract and argument of Phelan and Company designated Phelan and Company as plaintiff, but the action should properly be entitled as it originally stood in the district court.

The issue before the court is whether, after the dismissal of a case (where the petition is the same as therein dismissed) a cross-petition may be filed and maintained by one of the defendants. The original dismissal was dated August 3, and filed August 4, 1938, and the cross-petition herein involved was filed July 19, 1939. This cross-petition was attacked by motions to strike, for the reasons that it was filed after the cause had been dismissed and the court had no jurisdiction to entertain the action, as being filed too late, and that the cross-petition was not filed and brought in accordance with the law and rules of practice. The court held that the motion to strike should be sustained, and it was accordingly sustained. From this ruling W. D. Phelan and Company appeal.

The facts leading up to the ruling on the motion were, that on March 7, 1936, a contract was entered into by the Iowa Highway Commission with McKenzie and Holm, Inc., and the Burch Construction Company, for grading and paving in Scott county. The work was completed and accepted on June 26, 1937. Three claimants—the Des Moines Steel Company, W. D. Phelan and Company, and the Jenner Construction Company—filed claims with the highway commission, the Phelan claim being filed on July 29, 1937, for $560 for rental of and damage to a machine. The Jenner Company claim does not enter into the matter. On August 25, 1937, the Des Moines Steel Company brought suit against McKenzie and Holm, Inc., the sureties on the bond, the highway commission, Phelan and Company, and the Jenner Construction Company, asking for judgment on its claim against McKenzie and Holm, Inc., but asking no relief against the highway commission or the other defendants. On September 3, 1937, W. D. Phelan and Company filed answer, as follows:

"Comes now W. D. PHELAN AND COMPANY, one of

the defendants in the above entitled action and for answer to plaintiff's petition states:

"Defendant admits that it is a corporation organized and existing under the laws of the State of Iowa, and that on July 29, 1937, it filed a claim with the defendant, Iowa State Highway Commission, as set forth in plaintiff's petition.

"Defendant, having insufficient knowledge as to the truth or falsity of the other allegations contained in plaintiff's petition, denies each and every allegation therein contained and demands strict proof thereof.

"WHEREFORE, defendant prays that plaintiff's petition be dismissed as against this defendant and that it be given judgment for costs."

On September 8, 1937, Stanley D. Moore, assignee of McKenzie and Holm, Inc., was made party by amendment, as was the Burch Construction Company, but on the latter no notice was ever served and it never appeared in the action. On September 9, 1937, the highway commission filed answer, as part of which it set out the names of the three above claimants, and alleged that the final quantities and amounts earned under the contract had not been determined, and that the commission was unable to state the amount earned, or due, or unpaid to McKenzie and Holm, Inc., and Burch Construction Company. The remaining paragraph of the answer is as follows:

"Par. 10. For further answer this defendant states that it is informed and believes, and alleges the fact to be, that the defendant McKenzie and Holm, Inc., have made an assignment for the benefit of creditors, and that Stanley D. Moore is the assignee under the assignment. Further, as hereinbefore set out, the contract of this defendant was with McKenzie and Holm, Inc., and the Burch Construction Company, and neither the Burch Construction Company, nor the assignee for McKenzie and Holm, Inc., have been made parties to this proceeding, and this defendant alleges that the said assignee and the Burch Construction Company are necessary parties, and that unless they are made parties to this proceeding, the court is without

jurisdiction to make a binding order for the disposition of the funds.''

Nothing further was done in the case, but there were negotiations for settlement and finally, on August 4, 1938, there was filed the following dismissal:

| "DES MOINES STEEL COMPANY, | |
|---|---|
| "Plaintiff, | LAW No. 31799. |
| vs. | DISMISSAL. |
| "McKENZIE & HOLM, INC: | |
| "Defendant. | |

''Comes now the Plaintiff in the above-entitled action, and dismisses said cause with prejudice at the cost of the defendant, McKenzie and Holm, Inc.''

No proceedings were had until July 18, 1939, answer and cross-petition, and on August 7, 1939, amendment to answer and cross-petition were filed by Phelan and Company. This cross-petition sets up the rental of a power shovel to the contractor McKenzie and Holm, Inc., for the sum of $400; that it was used until September 14, 1936, on the paving in question; that certain repairs were necessary; and that the amount due from the defendant McKenzie and Holm, Inc., was $560. It further alleged the filing on July 9, 1937, of a claim with the highway commission, and that thereafter, at the request of the highway commission, claim was filed, on a form furnished by such commission, on the 29th of July, 1937. It referred to the prayer of the answer of the highway commission asking that, after all the parties interested are before the court, the court make an order directing the highway commission to pay over to the district court of Scott county all of said project's funds remaining in its hands to be disbursed in accordance with the court's judgment and decree. The prayer of the cross-petition is as follows:

''WHEREFORE, the defendant, W. D. Phelan and Company, prays that plaintiff's petition be dismissed as against this defendant and that this defendant have judgment on its Cross-Petition for the sum of Five Hundred Sixty ($560) Dollars, with interest thereon from the 29th day of July, 1937, at five

(5%) percent per annum as against the defendants, McKenzie and Holm, Inc., Western Casualty & Surety Company, Iowa State Highway Commission, The European General Reinsurance Company, Limited, Stanley D. Moore, Assignee, and Burch Construction Company, and for costs of this action including attorneys' fees in such sum as the Court may fix.''

To this cross-petition the highway commission filed answer controverting some of the allegations of fact in the cross-petition, and among other matters setting out that there is no authority in law for the filing of a cross-petition by a defendant against another defendant after the dismissal of the main case; alleging that Phelan and Company had failed to comply with the requirements of chapter 452 of the Code, and by reason of its failure to comply therewith denying that Phelan and Company had any claim against the highway commission. Cross-petition was also filed against the Burch Construction Company, Stanley D. Moore, assignee of McKenzie and Holm, Inc., asking that, if any judgment be rendered against it, judgment over be rendered against said parties. The Burch Construction Company, Stanley D. Moore, and the surety companies, filed motions to strike the cross-petition for the reason that the action was no longer pending, having been dismissed by plaintiff on or about the 3d of August, 1938, and that the court had no jurisdiction to entertain said action or pleadings attempted to be filed therein; that the same were filed too late and subsequent to the dismissal of the whole action, and that the pleadings are impertinent and immaterial and not brought in accordance with the law and the rules of practice. These motions to strike the cross-petition were sustained by the court. From such action of the court said Phelan and Company appeals, and the question for our determination is only as to whether or not the motions were properly sustained; whether or not, after the filing of the dismissal above set out, Phelan and Company were authorized or can be permitted to maintain any action under a cross-petition such as it has here attempted to recover upon.

Phelan and Company argue that the dismissal filed by the Des Moines Steel Company was a dismissal only as against McKenzie and Holm, Inc., one of the defendants to the action, and was not a dismissal under which the plaintiff dismissed the whole

280

action against all the defendants. It alleges that plaintiff never had any intention of dismissing the whole action, or against any of the defendants except McKenzie and Holm, Inc., and asserts that it is sustained in this claim by a statement contained in a letter from a member of the firm representing the Des Moines Steel Company, and that the letter states:

"We only dismissed the above action as against McKenzie and Holm, Inc. Of course we could not dismiss the whole action without the consent of other parties."

Appellant also calls attention to the answer of the Iowa State Highway Commission, and particularly to paragraphs 8, 9, and 10 thereof.

██ ██ The first alleged error of the court in sustaining the motion that the dismissal was confined to McKenzie and Holm, Inc., we think is hardly borne out by the dismissal itself. There could be no question as to what action was intended to be dismissed. It is designated by its number (31799), and the motion specifically states that plaintiff "dismisses said cause with prejudice." To hold that this was not a dismissal would be to hold that failure to include the names of all the defendants, or the use of the abbreviation "et al.," would render the dismissal of the case ineffective. There being no question as to what case was intended to be dismissed, all persons interested would have a right to rely upon such dismissal, and it seems to us this would effectually dispose of the case. In a case where the clear intent is shown to hold that variation in, or omission of, a word, or possibly a letter or two, would render the ruling of the court ineffective, would permit the revival of proceedings which were intended to be effectually disposed of. Appellant cites a large number of cases, none of which is determinative of the claim herein asserted. In the first place, the answer originally filed prior to the dismissal in no way asserted any cause of action. An examination of such answer will so show. It is not in any sense a cross-petition.

Appellant cites Stewart v. Gorham, 122 Iowa 669, 98 N. W. 512. The case does not sustain its contention. To entitle a defendant to proceed to trial on his cross-petition, his pleading must contain within itself the essential elements of a new cause of action. This we believe is the universal rule, and that when a

person pleads matter purely defensive in character, the dismissal of the action with prejudice disposes of the case and it cannot afterwards be revived.

Citation of authorities is hardly necessary to sustain so clear a rule of pleading. An examination of the authorities cited by appellant indicates that they do not sustain the position taken. We may briefly notice some of them. Stepanck v. Kula, 36 Iowa 563, holds that one plaintiff may proceed to verdict. Hoyt v. McLagan, 87 Iowa 746, 55 N. W. 18, and Foster & Co. v. Ellsworth, 71 Iowa 262, 32 N. W. 314, were cases where the counterclaim was an independent cause of action. In Welch v. Jenks, 58 Iowa 694, 12 N. W. 727, the question of defendant's counterclaim was not considered, only the evidence to sustain it. Randolph v. State F. Mut. Auto. Ins. Co., 216 Iowa 1414, 250 N. W. 639, was a case in which affirmative relief was asked by the cross-petition. The action, however, was only on appeal from the court's refusal to transfer to equity. Other cases cited by appellant were those in which the cause was dismissed as to a part only, and the plaintiff was permitted to proceed as to the remainder, or permitted to dismiss as to one of several causes or counts and proceed upon the remaining causes, or authorized to withdraw one item of the demand. In King v. Thorp, 21 Iowa 67, the cross-bill presented another issue, to quiet title; the questions therein ruled upon were as to joinder and venue. Lex v. Selway Steel Corp., 203 Iowa 792, 821, 206 N. W. 586, 599, is not authority for appellant's contention. Grennell v. Cass County, 193 Iowa 697, 187 N. W. 504, simply authorized the plaintiff to hold one defendant and discharge others where the facts justify. Reference is also made by appellant to In re Estate of Hazeldine, 225 Iowa 369, 384, 280 N. W. 568, 576. The cross-petition asked affirmative relief in this case (p. 386 of 225 Iowa, 280 N. W., p. 577) and it was so held by the court. Hall v. Great American Ins. Co., 217 Iowa 1005, 252 N. W. 763, is authority only for the rule that the dismissal of part of a claim with prejudice is no bar to the remainder. The case of Eclipse Lbr. Co. v. City of Waukon, (decided in 1927), 204 Iowa 278, 286, 213 N. W. 804, 808, cited by both parties, does not sustain the position taken by the appellant. The case states:

"We know of no law, and none is cited to us, which prevents the plaintiff, even in a proceeding of this kind, from dismissing his claim and retiring from the trial; and, under our rule heretofore cited, when he does dismiss his action and retires from the case, the court thenceforward has no jurisdiction whatever of him or of his cause of action."

Appellant in further support of its claim calls attention to the letter which it received from the attorney for the Des Moines Steel Company more than 9 months after the dismissal had been filed. The construction by another of the filed dismissal, or the interpretation made thereof, long after the filing of the instrument, is not persuasive as to what it actually contained.

The appellant further contends that the answer of the highway commission was such, and contained such affirmative allegations that the lower court would still retain its jurisdiction, for the reason that by the allegations of such answer the jurisdiction of the trial court was invoked for the purpose of bringing all the interested parties into the case; and the court's jurisdiction was further invoked in that such answer asked that when all the parties interested were before the court, an order then be made directing the commission to pay over to the clerk of the district court all the project's funds; that such answer stated a cause of action, seeking affirmative relief; and the dismissal filed by the Des Moines Steel Company did not deprive the court of its jurisdiction to adjudicate the controversy set forth and alleged in the answer of the highway commission. However, even if the answer of the highway commission can be considered a cross-petition, no notice was given and no appearance made thereto. Appellant did not adopt any part of the answer and can derive no advantage from the answer of the highway commission. Its own answer, filed before the dismissal, asked the dismissal of the action. No attempt was made by the appellant to incorporate into its answer the allegations of the other defendants' pleadings as its own.

Other matters raised by the appellees do not need to be considered. We are satisfied that under the record appellant

had no further right to proceed and that the court was right in sustaining the motions to strike.—Affirmed.

RICHARDS, C. J., and BLISS, OLIVER, MITCHELL, STIGER, and MILLER, JJ., concur.